IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HORATIO O. GREER,** : | CIVIL ACTION NO. 1:07-CV-1051 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **COURT OF COMMON PLEAS OF** : | |
| **YORK COUNTY, YORK COUNTY** : | |
| **OF PENNSYLVANIA,** : | |
| : | |
| Defendant : | |

## MEMORANDUM

Presently before the court is a complaint filed by Horatio O. Greer ("Greer"), an inmate at the York County Prison. (Doc. 1). Greer seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons that follow, the *in forma pauperis* motion will be construed as a motion to proceed without the prepayment of fees and will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

I. **Allegations of the Complaint**

In the "previous lawsuits" section of the civil rights form complaint filed by Greer, he informs the court that a previous lawsuit that he filed against Court of Common Pleas of York County Judge Sheryl Dorney was dismissed by this court. (Doc. 1, p. 1). Indeed, this court recently dismissed plaintiff's complaint against Judge Dorney on the grounds that Greer failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and was seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii). <u>Greer v. Dorney</u>, No 1:05-CV-292, slip op. (M.D. Pa. May 31, 2007).

In the present complaint, Greer essentially sets forth the same allegations contained in the previous lawsuit, but now names as defendants the Court of Common Pleas of York County and York County Pennsylvania.  Specifically, he alleges that "Judge Dorney has a reputation on judging unjust and on her own personal judgment."  (Doc. 1, p. 5).  He also alleges that he was humiliated by the judge and was "shocked" by her lack of judgment and fairness.  (Doc. 1, pp. 2, 3, 5).  As relief, he seeks compensatory damages, release from prison, DNA testing and removal of Judge Dorney from the bench.  (Id. at p. 3).

## II.     Discussion

### A.     Court of Common Pleas of York County

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii). Greer's claim against the Court of Common Pleas of York County cannot proceed on the ground that the Court of Common Pleas is immune from suit under the Eleventh Amendment.  As a general rule, the Eleventh Amendment bars suit against a state and its instrumentalities.[1]  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  The United States Court of Appeals for the Third Circuit has

---

[1] Congress can abrogate Eleventh Amendment immunity if it does so unequivocally and pursuant to a valid grant of constitutional authority, but Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

held that the Court of Common Pleas is an instrumentality of the Commonwealth of Pennsylvania and is therefore entitled to immunity under the Eleventh Amendment.  See Benn v. First Judicial Dist. of Penn., 426 F.3d 233, 238-41 (3d Cir. 2005).  Under the Pennsylvania Constitution, all Pennsylvania courts are part of a "unified judicial system" under the general supervisory and administrative authority of the Pennsylvania Supreme Court.  PA. CONST. art V, §§ 1, 2, 10.  The York County Court of Common Pleas is therefore part of state government, not city government, and is protected by Eleventh Amendment immunity.  Id. at 240.  Only three narrow exceptions exist to this broad immunity: (i) waiver by a state's consent to suit; (ii) suits against individual state officials for prospective relief; and (iii) abrogation by an act of Congress.  M .A. ex rel. E.S. v. State-Operated School Dist. of the City of Newark, 344 F.3d 335, 345 (3d Cir. 2003).  None of these exceptions applies here.

Further, in order to state an actionable claim under Section 1983, the plaintiff must allege that a person has deprived him or her of a federal right and, that the person who caused the deprivation acted under color of state or territorial law.  West v. Atkins, 487 U.S. 42, 48 (1988).  However, the Court of Common Pleas of York County is not a "person" subject to suit under 42 U.S.C. § 1983.  See Carroway v. New Jersey, 202 Fed. Appx. 564 (3d Cir. 2006) (affirming district court's dismissal of § 1983 claims against Union County Courts on the grounds of Eleventh Amendment immunity and that these entities are not "persons" subject to § 1983 liability); Reiff v. Phila. County Court of Common Pleas, 827 F. Supp. 319, 324 (E.D.Pa. 1993)

(finding that "[t]he Court of Common Pleas is not subject to suit at all under § 1983, because states or 'governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes' are not 'persons' within the meaning of § 1983 and consequently are not among those liable for violations of the civil rights statute'") (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)).

For the foregoing reasons, Greer's claims against the Court of Common Pleas of York County will be dismissed.

### B.     York County

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).

In order for a municipality to be held liable under §1983 for a constitutional violation, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989); see also Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978).  The municipality must cause the constitutional violation at issue. Id. Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement may be shown through allegations

4

of personal direction or actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

    Greer fails to allege any personal involvement on the part of York County. Nor does he allege that York County undertook any act pursuant to an official municipal policy or custom of some nature which caused the alleged Constitutional violation. The complaint against this defendant will also be dismissed.

    An appropriate order will issue.

    S/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge

Dated:     June 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HORATIO O. GREER,** | : | CIVIL ACTION NO. 1:07-CV-1051 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **COURT OF COMMON PLEAS OF YORK COUNTY, YORK COUNTY OF PENNSYLVANIA,** | : | |
| **Defendant** | : | |

**O R D E R**

AND NOW, this 26th day of June 2007, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without prepayment of fees and is GRANTED.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge